IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Darwin J. NELSON, Attorney at Law.

Supreme Court

No. 83–599–D. Filed July 22, 1983.
(Also reported in 336 N.W.2d 170.)

*PER CURIAM. Attorney disciplinary proceeding; attorney's license revoked.*

On March 31, 1983, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that the respondent Darwin J. Nelson, who was admitted to practice law in Wisconsin in 1958 and who resides in Merrimac, was guilty of unprofessional conduct in his handling of the probate of two estates for which he had been retained. In the first of these, the respondent

was retained in April of 1977 to probate the estate of a client's deceased spouse and to draft a new will for the client. In response to his client's periodic inquiries, the respondent assured her that he was working on the estate, but in the spring of 1980, the respondent closed his office in Boscobel without advising the client of his new office location. Two years later, when the client telephoned the respondent at his Merrimac address, the respondent told her that he was continuing to work on the estate and would forward papers to her within two weeks. No papers were forwarded, however. The client again contacted the respondent and asked that he complete the estate or return her papers to her, including an abstract for real estate, and the respondent told her that he would work on the estate immediately, but he has failed to do so. It was alleged that such conduct constitutes gross neglect of a legal matter, in violation of SCR 20.32(3), and that his failure to return the client's papers or to settle the estate constitutes failure to withdraw from a matter after discharge, in violation of SCR 20.16(2)(d). In addition, it was alleged that in October of 1982 the former client's attorney contacted the respondent and demanded the immediate return of his client's abstract, but the respondent failed to do so, in violation of SCR 20.50(2)(d). The Board also alleged that the respondent failed to answer two letters from the Board seeking a response to the grievances made by the client against the respondent, in violation of SCR 22.07 (2).

In the second estate, the Wisconsin Department of Revenue made four written requests between July 20, 1979, and August 11, 1982, that the respondent file information necessary to determine inheritance taxes in the estate. However, the respondent did not respond. The Board alleged that such conduct constituted gross neglect of a legal matter, in violation of SCR 20.32(3).

The Board also alleged that the respondent failed to answer the Board's inquiries seeking a response to the grievance, in violation of SCR 22.07 (2).

We referred the matter to the Honorable William C. Sachtjen, Reserve Judge, as referee, pursuant to SCR 21.09 (4). When the respondent failed to answer or otherwise respond to the complaint, the Board moved for a default judgment. The referee filed his report with the court on June 20, 1983, in which he found that the respondent was personally served with authenticated copies of the complaint and order to answer in this matter, that no answer or other responsive pleading was filed by him at any time, that he was served with a copy of the Board's motion for default, in which it was recommended that the respondent's license be revoked, and that the respondent personally appeared without counsel at the hearing on that motion, held on May 18, 1983. At that hearing, the respondent admitted the facts alleged in the complaint and stipulated to the revocation of his license, with costs. Consequently, the referee recommended that the respondent's license be revoked, effective immediately, and that he pay the costs of the disciplinary proceeding within one year. The referee further recommended that any application for reinstatement of the respondent's license be accompanied by proof of payment of the costs.

We hereby accept the referee's findings of fact, conclusions of law and recommendation. We note that the respondent was publicly reprimanded by order of this court filed July 2, 1982, for neglect of a legal matter and for failure to respond to two written inquiries from the Board concerning the grievance. *In the Matter of Disciplinary Proceedings Against Nelson,* 108 Wis. 2d 445 (1982). There, as here, the respondent did not file a responsive pleading to the complaint but did attend a

hearing on the Board's motion for discipline based upon the complaint.

IT IS ORDERED that the license of Darwin J. Nelson to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that Darwin J. Nelson pay to the Board of Attorneys Professional Responsibility within one year of the date of this order the costs of this disciplinary proceeding in the amount of $505.00.

HEFFERNAN, ABRAHAMSON and STEINMETZ, JJ. took no part.